UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID B. WHEELER and ELEANOR M. WHEELER, ) ) ) | |
| Plaintiffs, ) | 3:12-cv-0054-LRH-VPC |
| ) | |
| v. ) | |
| ) | ORDER |
| WELLS FARGO HOME MORTGAGE INC.; ) et al., ) | |
| ) | |
| Defendants. ) | |

Before the court is plaintiffs David B. Wheeler and Eleanor M. Wheeler's ("the Wheelers") motion to remand. Doc. #5.[1]

**I.   Facts and Procedural History**

In October 2011, the Wheelers purchased real property from non-party Timothy Yardic. Although the property was vacant, the Wheelers allege that defendant Wells Fargo changed the locks on the property and evicted the Wheelers even though they had purchased the property.

Subsequently, the Wheelers filed a complaint in state court against defendants alleging state tort violations. Doc. #1, Exhibit A. Defendants removed the action to federal court based upon diversity jurisdiction. Doc. #1. Thereafter, the Wheelers filed the present motion to remand. Doc. #5.

---

[1] Refers to the court's docket entry number.

## II. Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). In a diversity case, if a complaint does not specify the amount of damages, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Removal of a case to a district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III. Discussion

In their motion, the Wheelers concede that the parties are diverse for diversity jurisdiction purposes, but argue that defendant's notice of removal is insufficient to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *See* Doc. #5. The court has reviewed the document and pleadings in this matter and finds that the amount in controversy does not exceed the $75,000 threshold. In their complaint, the Wheelers are seeking roughly $4,000 in property damages related to defendants' constructive eviction and for changing the property locks. Even though the Wheelers have requested treble damages under Nevada law, trebling the identified property damage still falls short of the court's $75,000 jurisdictional threshold, by $63,000.

In opposition, defendants argues that the Wheelers have requested both attorney's fees and

punitive damages, and therefore, the amount in controversy is over the $75,000 requirement. The court disagrees. Generally, the amount in controversy may be satisfied by all of a plaintiff's claims for damages, including attorney's fees and punitive damages. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). However, the mere possibility of a punitive damages or attorney's fees award is not sufficient to prove that the amount in controversy has been met. In order to meet their burden for removal, a defendant must present evidence that the amount of any award, more likely than not, exceeds the amount needed to increase the amount in controversy to $75,000. *See McCaa v. Massachusetts Mutual Life Insurance Company*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004); *see also, Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Here, defendants have failed to provide the court with sufficient evidence to establish that the amount in controversy will be exceeded by an award of punitive damages and/or attorney's fees. Further, defendants have not shown that such an award is more likely than not appropriate in this action. Therefore, the court finds that defendants have failed to meet their burden and shall remand this action for lack of diversity jurisdiction.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #5) is GRANTED. The clerk of court shall REMAND this action to the Second Judicial District Court for the State of Nevada.

IT IS SO ORDERED.

DATED this 17th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE